**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  MICHAEL DOBBS. **Individually and on Behalf of Others Similarly Situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Case No. 20-CV-232-CVE-FHM |
| 1.  BROOK CONSULTANTS, INC., d/b/a BROOK TS (USA), a foreign corporation, and | ) ) ) ) | Jury Trial Demanded |
| 2. LABYRINTH INTERNATIONAL, LLC, a foreign corporation, | ) ) ) | Attorney Lien Claimed for the Firm |
| **Defendants.** | ) | |

### COMPLAINT

**COMES NOW,** the Plaintiff, Michael Dobbs ("Plaintiff"), by and through his attorneys of record, Charles C. Vaught and Jessica N. Vaught of *Armstrong & Vaught, P.L.C.*, and hereby brings claims pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA" or "the Act"), and the Oklahoma Protection of Labor Act, 40 O.S. 165.2, *et seq.* ("OPLA"), against Brook Consultants, Inc. ("Brook") and Labyrinth International, LLC ("Labyrinth").

### JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the FLSA and OPLA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours that Plaintiff and the others worked in excess of forty (40) per workweek as well as for Defendants'

failure to reimburse out-of-pocket expenses incurred on behalf of Defendants in the regular course of Plaintiffs' employment.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the OPLA as described *infra*.

3. The United States District Court for the Northern District of Oklahoma has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. The court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Defendants conduct business within the State of Oklahoma, operating telecommunication services throughout Oklahoma, including within the Northern District of Oklahoma.

5. Venue lies properly with this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Oklahoma has personal jurisdiction over Defendants, and Defendants therefore "reside" in Oklahoma.

6. Plaintiff was employed by Defendants throughout the State of Oklahoma, including the Northern District of Oklahoma. The acts alleged in this Complaint had their principal effect within the Northern District of Oklahoma, in that a significant percentage of the work performed by Plaintiff occurred in the Northern District of Oklahoma, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Plaintiff is a resident and citizen of Park Hill, Cherokee County, Oklahoma.

8. At all times relevant to the allegations in this Complaint, Plaintiff was paid straight time for all hours worked as an employee of Defendants.

9. At all times material herein, Plaintiff and those similarly situated to Plaintiff, have been entitled to the rights, protections, and benefits provided under the FLSA and OPLA.

10. At all times material herein, Plaintiff and those similarly situated were not paid one and one-half times their regular rate of pay for all hours that they worked in excess of forty (40) per week in violation of the FLSA.

11. At all times material herein, Plaintiff and those similarly situated were not reimbursed for out-of-pocket expenses incurred on Defendant's behalf in the regular course of business.

12. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

13. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. Defendants are foreign corporations, registered as domestic corporations in the State of Texas.

15. Plaintiff was, at all times relevant hereto, an employee as defined by the FLSA and OPLA.

16. Defendants were, at all times relevant hereto, employers as defined by the FLSA and OPLA.

17. Defendants were the joint employers of Plaintiff in that each substantially contributed to decisions regarding the hiring and firing of employees, supervised the schedule and conditions of employment of the Plaintiff, jointly determined the rate and method of payment, and maintained records regarding Plaintiff's employment.

## OPERATIVE FACTS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

19. Labyrinth International, LLC hired Plaintiff as a Crew Leader in August 2018. From the date of hire and through his entire period of employment, Plaintiff was compensated for his services by Defendant Brook Consultants, Inc. d/b/a Brook TS (USA).

20. In Plaintiff's position as a crew leader of a 4G Tower Construction team, he was generally responsible for a crew of laborers who upgraded radios and antennas in AT&T cellular Towers. The primary objective for Plaintiff and his crew members was to upgrade AT&T equipment installed in cell phone towers across Oklahoma.

21. Despite his position of Crew Leader, Plaintiff lacked the authority to make personnel decisions and, instead, performed the same duties as the remainder of the crew in that his primary duty was upgrading AT&T equipment in towers rather than supervision of the crew. Plaintiff's suggestions regarding personnel decisions carried no weight and in fact, were ignored by Nathan Wooten, Senior Project Manager, and Ken Kelly. All personnel decisions, including the hiring, discipline or termination of employees, were made by either Mr. Wooten or Mr. Kelly.

22. Throughout Plaintiff's employment, he frequently worked over forty hours per week but was paid straight time for all hours worked.

23. Defendants failed to reimburse Plaintiff for expenses related to his job, such as tools, fuel, hotel, etc. that were purchased on Plaintiff's personal credit card under the promise of reimbursement.

24. Additionally, pursuant to Defendants' policies and pay practices, Defendants had previously agreed to pay Plaintiff $100.00 per diem. Defendants, however, implemented a practice of deducting hotel expenses for the entire crew from Plaintiff's per diem pay.

25. Plaintiff brought attention to the fact he was not paid overtime, and that he was not being reimbursed for expenses, at least three times during his employment with Defendants.

26. Plaintiff resigned in July of 2019 because of Defendants' failure to pay him overtime.

27. Plaintiff did not receive payment for his final pay period with Defendants even though he worked from 7:00 a.m. until approximately 4:00 p.m. on his last day of employment. To date, this final day of wages has not been paid by Defendants even though Plaintiff made demand for payment upon his supervisor after the next pay date passed and Plaintiff was not paid.

## REPRESENTATIVE ACTION ALLEGATIONS

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated into this section.

29. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the OPLA.

30. Plaintiff brings his claims for violation of the FLSA and the OPLA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(b) and 40 O.S. § 165.9 of the OPLA, on behalf of all persons who were, are or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

   A.   Minimum wages for the first forty (40) hours worked each week;

   B.   Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    C.    Unpaid out-of-pocket expenses incurred on behalf of Defendants;

    D.    Unpaid / Reduced Per Diem payments; and

    C.    Liquidated damages and attorney's fees.

31. In conformity with the requirements of FLSA Section 16(b), Plaintiff will file a written Consent to Join this lawsuit.

32. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

33. The members of the proposed class of current and former employees and those similarly situated share these traits:

    A.    They were hourly employees who constructed cell phone towers;

    B.    They were subject to the same policy of straight time for all work performed;

    C.    They did not receive overtime premiums for all hours worked;

    D.    They incurred out-of-pocket expenses on behalf of Defendants for which they were not reimbursed; and

    E.    They received no or reduced Per Diem payments.

34. Plaintiff is unable to state the exact number of the potential members of the FLSA class but believes that it exceeds ten.

35. Defendants can readily identify the members of the proposed class, which encompasses all construction workers employed in Oklahoma.

36. The names, cell numbers and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be

provided to the FLSA collective action plaintiffs via text and first class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### FIRST CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

37. Plaintiff repeats and re-alleges all previous paragraphs of his Complaint as though fully incorporated in this section.

38. Plaintiff, individually and on behalf of others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

40. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

41. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendants willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the overtime premium under the FLSA because Defendants intentionally mis-classified Plaintiff and other similarly situated employees as exempt under the FLSA.

43. Despite the entitlement of Plaintiff and those similarly situated to overtime premiums under the FLSA, Defendants failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked

7

over forty (40) in each one-week period because Defendant intentionally mis-classified Plaintiff and those similarly situated as exempt from overtime pay.

44. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All construction workers employed in Oklahoma within the past three years.**

45. By reason of the unlawful acts alleged herein, Defendants are jointly liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### SECOND CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. Defendants intentionally misclassified Plaintiff as exempt from the overtime requirements of the FLSA, when in fact Plaintiff was a non-exempt employee entitled to overtime pay.

52. Despite the entitlement of Plaintiff to overtime premiums under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment Individual Claim)**

54. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

55. As a direct and proximate result of the acts and omissions of the Defendants, as herein alleged, Plaintiff has paid monies on behalf of the Defendants that advanced Defendants' business interests and would have otherwise been incurred by Defendants in the ordinary course of business.

56. Defendants have failed or otherwise refused to reimburse Plaintiff for expenditures made on Defendants behalf.

57. Defendants have therefore been unjustly enriched, and Plaintiff has been damaged.

58. Plaintiff is entitled to full restitution for payments made on behalf of Defendants.

## FOURTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the OPLA)

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated into this section

60. At all relevant times, Plaintiff and all other similarly situated have been entitled to the rights protections provided by OPLA.

61. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the OPLA.

62. At all relevant times, Defendants willfully failed and refused to compensate Plaintiff and other similarly situated employees for all hours worked at the overtime premium under the OPLA.

63. Defendants' failure to properly compensate Plaintiff and those similarly situated for time worked was a knowing, willful and intentional violation of 40 O.S. § 165.2, *et seq*.

64. Defendants' failure to reimburse Plaintiff and those similarly situated for out-of-pocket expenses paid for on behalf of Defendants was a knowing, willful and intentional violation of 40 O.S. § 165.2, *et seq*.

65. Defendants' deduction of the agreed-upon Per Diem rate from Plaintiff and those similarly situated was a knowing, willful and intentional violation of 40 O.S. § 165.2, *et seq*.

66. Because these employees are similarly situated to Plaintiff and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

    **All construction workers employed in Oklahoma within the past three years.**

67. By reason of the unlawful acts alleged herein, Defendants are jointly liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs,

including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## FIFTH CAUSE OF ACTION
### (Individual Claim for Unpaid Wages- Oklahoma Protection of Labor Act)

68. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

69. At all times relevant to the filing of this action, 40 O.S. § 165.2, *et seq.* required an employer to pay all wages due to their employees.

70. Plaintiff was considered an employee pursuant to 40 O.S. § 161, *et seq*.

71. Defendants were considered an employer pursuant to 40 O.S. § 161, *et seq*

72. Defendant's failure to properly compensate Plaintiff for time worked was a knowing, willful and intentional violation of 40 O.S. § 165.2, *et seq.*

73. Defendants' failure to reimburse Plaintiff for out-of-pocket expenses paid for on behalf of Defendants was a knowing, willful and intentional violation of 40 O.S. § 165.2, *et seq*.

74. Defendants' deduction of the agreed-upon Per Diem rate was a knowing, willful and intentional violation of 40 O.S. § 165.2, *et seq*.

75. Defendants' failure to pay Plaintiff for the work performed on his last day of work was a knowing, willful, and intentional violation of 40 O.S. § 165.2, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Dobbs, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.   That Defendants be summoned to appear and answer this Complaint;

B.   For orders regarding certification of and notice to the proposed class members;

C.    For an order of this Honorable Court entering judgment in favor of Plaintiff and the proposed class members against Defendants for their actual economic damages in an amount to be determined at trial;

D.    For liquidated damages as provided for under the FLSA and OPLA;

E.    For attorneys' fees, costs, and pre-judgment interest; and

F.    For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *Telephone*
(918) 583-1755 – *Facsimile*
cvaught@a-vlaw.com
jvaught@a-vlaw.com
*Attorneys for Plaintiff*